FILED'21 SEP '11 11:22USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT SHOEMAKER,

        Petitioner,

   v.

STAN CZERNIAK, Superintendent,
Oregon State Penitentiary,

        Respondent.

Civ. Nos. 01-1703-AA
02-724-AA
OPINION AND ORDER

AIKEN, Chief Judge:

Petitioner brings these consolidated petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his federal due process rights were violated when he was denied re-release on parole and denied counsel at his parole revocation hearing. Petitioner also claims that he received ineffective assistance of counsel when he was not advised of the adverse parole consequences when pleading no contest to a drug offense that ultimately led to the his parole revocation and the denial of re-

1 - OPINION AND ORDER

release.  Respondent maintains that petitioner's claims are time-barred, procedurally defaulted and lack merit under recent Supreme Court precedent.  I agree and deny the petitions.[1]

## I. BACKGROUND

In 1978, after he participated in a residential burglary, murdered a homeowner, and injured the homeowner's young child, petitioner was arrested and convicted of first-degree burglary, attempted murder, and murder.[2]  Petitioner was sentenced to twenty years' imprisonment for the burglary conviction, twenty years' imprisonment for the attempted murder conviction, and life imprisonment for the murder conviction, with all sentences to be served consecutively.

On April 1, 1993, petitioner was released on parole.  On July 19, 1994, the Board of Parole and Post-Prison Supervision (the Board) sanctioned petitioner for using marijuana, and on November 1, 1995 and May 2, 1996, he received verbal reprimands for technical violations of parole.

On January 23, 1997, petitioner was charged with the manufacture and possession of a controlled substance.

---

[1]Petitioner asserts several other claims in his original petitions and amended consolidated petition.  However, petitioner presents briefing and argument on only three claims.  Therefore, I consider the other claims waived.  28 U.S.C. § 2248; Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006).

[2]Petitioner pleaded guilty to Burglary in the First Degree and was tried and found guilty of Murder and Attempted Murder.

2 - OPINION AND ORDER

On February 6, 1997 the Board conducted a parole revocation hearing and revoked petitioner's parole effective February 24, 1997. Petitioner did not seek administrative review of the revocation order.

On March 18, 1997, petitioner pleaded no contest to manufacturing and possessing a controlled substance and to endangering the welfare of a minor. Petitioner was sentenced to nine months' imprisonment, to be served consecutively to any other sentence received in connection with his parole proceedings. Petitioner did not appeal his conviction, and judgment became final on April 17, 1997.

On May 29, 1997, after conducting a future disposition hearing, the Board denied petitioner re-release on parole based on its finding that petitioner could not be adequately controlled in the community. The Board's decision effectively denied parole for the remainder of petitioner's life sentence imposed for his 1978 murder conviction. Petitioner sought administrative review, and the Board affirmed its decision on November 26, 1997.

On February 10, 1998, petitioner filed a petition for judicial review with the Oregon Court of Appeals and sought review of the Board's order denying re-release. Petitioner did not seek judicial review of the revocation order.

On June 19, 1998, the Oregon Court of Appeals dismissed the petition for lack of jurisdiction because petitioner had sought

3 - OPINION AND ORDER

review of a parole release order that was nonreviewable. See Or. Rev. Stat. § 144.335(3) (1995) ("[T]he board's order is final and is not subject to judicial review when the board makes any decision relating to a release date or a parole consideration hearing date."). After petitioner obtained an extension of time in which to file a petition for review with the Oregon Supreme Court, the Court held in another case that former § 144.335(3) precluded review of "any decision relating to a release date." Quintero v. Bd. of Parole and Post-Prison Supervision, 329 Or. 319, 326, 986 P.2d 575 (1999). After Quintero, petitioner did not file a petition for review of the denial of re-release with the Oregon Supreme Court.

On November 9, 1998, petitioner filed a state habeas petition challenging his 1997 drug convictions and claimed that counsel rendered ineffective assistance by failing to advise him of the potential parole consequences that could result from pleading no contest. The state habeas court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

On November 16, 1999, petitioner filed a second state habeas petition and challenged both the Board's order of revocation and order denying re-release. However, petitioner abandoned the re-release claims in a replication. The State filed a motion to dismiss, which the state habeas court allowed. Petitioner appealed the decision of the state habeas court, challenging only the

4 - OPINION AND ORDER

revocation order.   The State moved for summary affirmance on grounds that petitioner had never sought judicial review of the revocation order.  The Oregon Court of Appeals granted the State's motion, and the Oregon Supreme Court denied review.

On February 18, 2004, the Board reopened and reconsidered its decision denying re-release and held another future disposition hearing.   Petitioner appeared at the hearing, as did a Federal Public Defender who spoke on petitioner's behalf.  The Board again denied petitioner re-release on parole.  Petitioner sought judicial review, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review.

## II. DISCUSSION

A.  Due Process Claim Based on Misapplication of Oregon Law

Plaintiff claims that the Board's denial of re-release violated his rights to due process.  Petitioner contends that the Board misapplied Oregon sentencing laws and thus improperly deprived him of a liberty interest created by such laws. Respondent maintains that this due process claim is foreclosed by recent Supreme Court authority.  I agree.

As reiterated by the Supreme Court, there is no federal constitutional right to parole.   Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam).  "When, however, a State creates a liberty interest [in parole], the Due Process Clause requires fair procedures for its vindication – and federal courts will review the

5 – OPINION AND ORDER

application of those constitutionally required procedures.  In the context of parole, we have held that the procedures required are minimal."  Id.  "Because the only federal right at issue is procedural, the relevant inquiry is what process [a petitioner] received, not whether the state court decided the case correctly." Id. at 863; see also Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) ("[T]here is no substantive due process right created by California's parole scheme.  If the state affords the procedural protections required . . . that is the end of the matter for purposes of the Due Process Clause.").  Generally, if a prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied," due process standards are met.  Swarthout, 131 S. Ct. at 862.

Petitioner does not dispute, and the record reflects, that he was permitted to speak during his future disposition hearings and was notified of the reasons for denial of re-release.  See Resp. Ex. 102 (Case No. 02-724); Resp. Suppl. Ex. 133, pp. 196-214 (Case No. 01-1703-AA).  That is "the beginning and the end of the federal habeas courts' inquiry into whether [petitioner] received due process."  Swarthout, 131 S. Ct. at 862.

Plaintiff maintains, however, that Swarthout applies to predictive rather than indeterminate sentencing schemes and does not resolve whether the Board "imposed a sentence which exceeded the statutory maximum by arbitrarily ignoring the requirements of

6 - OPINION AND ORDER

Oregon's substantive standards for parole re-release after violation." Pet.'s Sur-Reply, p. 2. However, the Court unequivocally declared to the contrary: "The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Swarthout, 131 S. Ct. at 863. In other words, "[a] state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus." Roberts, 640 F.3d at 1046; see also Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (accord). Thus, whether the Board incorrectly applied Oregon sentencing law is not a proper question for federal habeas review and the petition must be denied.

B.  Ineffective Assistance of Counsel

Petitioner next contends that he received ineffective assistance of counsel when he pleaded no-contest to drug offenses in 1997, because counsel failed to advise him that such convictions could lead to the denial of re-release on parole. Respondent argues that this claim is time-barred because petitioner did not file his federal habeas petition within the applicable one-year statute of limitations. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Respondent is correct.

7 - OPINION AND ORDER

Petitioner's judgment of conviction became final on April 17, 1997, and it is undisputed that petitioner did not seek federal habeas review within one year. While the federal statute of limitations is tolled during the pendency of state habeas proceedings, petitioner did not file his state habeas petition until November 9, 1998, well after the one-year federal limitations period had expired.

Petitioner concedes that more than one year elapsed between the final judgment of conviction and his federal habeas claim. However, petitioner argues that the statute of limitations should be equitably tolled, because he pursued his rights diligently, filed his state court habeas petition within the two years allowed by state law, and was unaware that the "federal clock was running." Pet.'s Sur-Reply, p. 12. Petitioner maintains that application of the federal one-year statute of limitations in this case would place unwitting prisoners like him in a statute of limitations "trap" given the tension between the Oregon and federal statute of limitations. However, petitioner's argument has been squarely rejected by the Ninth Circuit:

> [E]very Oregon prisoner is free to use the full two years of Oregon's longer statute of limitations. If, however, he also seeks federal relief, he must conform his petition to the federal rules. The federal statute of limitations does not diminish the right of Oregon prisoners to get state relief; it only affects their right to secure federal relief.

Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

8 - OPINION AND ORDER

Contrary to petitioner's assertion, the Supreme Court's ruling in <u>Jimenez v. Quarterman</u>, 555 U.S. 113 (2009) does not alter the Ninth Circuit's holding in <u>Ferguson</u>.  Rather, the Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." <u>Jimenez</u>, 555 U.S. at 121.  Here, it is undisputed that petitioner's conviction became final on April 17, 1997.  Thus, petitioner's claim of ineffective assistance of counsel is time-barred.

Alternatively, petitioner argues that the statute of limitations should be tolled under the "miscarriage of justice" exception that typically arises in the context of procedural default.  <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995).  "[I]f established, [the exception] functions as a 'gateway,' permitting a habeas petitioner to have considered on the merits claims of constitutional error that would otherwise be procedurally barred." <u>Carriger v. Stewart</u>, 132 F.3d 463, 477 (9th Cir. 1997).  Recently, the Ninth Circuit held that "a credible claim of actual innocence constitutes an equitable exception" to the limitations period.  <u>Lee v. Lampert</u>, ___ F.3d ___, 2011 WL 3275947, *6 (9th Cir. Aug. 2, 2011).

I find that petitioner presents insufficient evidence to permit passage through the <u>Schlup</u> gateway.  <u>Gandarela v. Johnson</u>,

9 - OPINION AND ORDER

286 F.3d 1080, 1086 (9th Cir. 2002).   Petitioner presents statements from his wife and stepson who assert that in 1997 spetitioner was unaware items in his possession contained methamphetamine paraphernalia. However, petitioner proffered this theory to the Board and also offered the testimony of his wife and stepson during his revocation hearing.   Resp. Suppl. Ex. 133, p. 66.   Thus, this evidence is not new and does not support a finding of actual innocence, particularly in light of petitioner's incriminating statements to law enforcement officers and during his revocation hearing.   Resp. Suppl. Ex. 133, pp. 65-66.   Therefore, petitioner cannot rely on the miscarriage of justice exception to toll the limitations period.

C.   Appointment of Counsel at Parole Revocation Hearing

Finally, petitioner argues that his due process rights were violated when he was denied counsel at his parole revocation hearing.   See Gagnon v. Scarpelli, 411 U.S. 778, 790-91 (1973). Respondent argues that plaintiff's claims concerning the revocation hearing are procedurally defaulted, in that petitioner failed to raise this issue properly before the Oregon courts and is now procedurally defaulted from doing so.   I agree.

A state habeas petitioner must exhaust all available state court remedies – either on direct appeal or through collateral proceedings – before a federal court may consider granting habeas corpus relief.   28 U.S.C. § 2254(b)(1)(A); see also Baldwin v.

10 - OPINION AND ORDER

Reese, 541 U.S. 27, 29 (2004).  In doing so, a petitioner must "fairly present" federal constitutional claims to the state's highest court, "thereby alerting that court to the federal nature of the claim."  Reese, 541 U.S. at 29-30.

Federal habeas review is barred "when the state court has declined to address the petitioner's federal claims because he failed to meet state procedural requirements," McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995), and the decision of the state court "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991).  If a claim was not fairly presented to the highest state court and no state remedies remain available, the "technical" requirements of exhaustion are met. However, the claim remains barred from federal review through the doctrine of procedural default.  See Coleman, 501 U.S. at 731-32. Only in exceptional circumstances may a federal court consider procedurally defaulted claims: 1) the petitioner demonstrates cause for the procedural default and prejudice from the constitutional error; or 2) the lack of federal review would result in a "fundamental miscarriage of justice."  Schlup, 513 U.S. at 315; Coleman, 501 U.S. at 750; Moran v. McDaniel, 80 F.3d 1261, 1270 (9th Cir. 1996).[3]

---

[3]Cause must be "*external* to the petitioner, something that cannot be fairly attributed to him," that impeded his efforts to comply with the state's procedural rules.  Coleman, 501 U.S. at

11 - OPINION AND ORDER

After petitioner's parole was revoked, petitioner did not seek judicial review of the revocation decision, even though judicial review was available.   See Or. Rev. Stat. § 144.335 (1995). Instead, petitioner sought judicial review of the denial of re-lease.   While it was unclear at the time whether the denial of re-release was subject to judicial review, it was well-established that a parole revocation order was subject to judicial review.  Id. Petitioner later filed a habeas petition in state court challenging the denial of counsel at his revocation hearing, and the state trial court ruled that habeas relief was not available because petitioner could have sought judicial review of the revocation order.  Resp. Ex. 110, pp. 13-14; Ex. 129 (Case No. 02-724-AA).  On appeal, the Oregon Court of Appeals granted the State's motion for summary affirmance on this ground alone, and the Supreme Court denied review.  Resp. Ex. 134 (Case No. 02-724-AA).

Thus, petitioner failed to comply with an independent and adequate state rule that required him to seek judicial review of the revocation order, and he has procedurally defaulted on this claim.  Rickman v. Bd. of Parole & Post-Prison Supervision, 153 Or. App. 709, 713, 859 P.2d 617 (1998) ("Petitioner never sought administrative review or judicial review of the Board's decision to revoke parole and, therefore, this court may not review that

753.  Prejudice is actual harm resulting from the alleged constitutional violation.  Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998).

12 - OPINION AND ORDER

decision."); <u>Meadows v. Schiedler</u>, 143 Or. App. 213, 216 n.2, 924 P.2d 314 (1996) ("We have held that habeas corpus is not an available remedy for persons who neglected to seek appellate review when there was direct judicial review of orders of the Board.").

Further, I do not find cause or prejudice for the default, as petitioner presents no compelling reason for failing to seek judicial review of his parole revocation. <u>Smith v. Baldwin</u>, 510 F.3d 1127, 1146-47 (9th Cir. 2007). Likewise, for the reasons explained above, petitioner fails to meet the "miscarriage of justice" exception, given the absence of new and reliable evidence showing that it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Gandarela</u>, 286 F.3d at 1086 (quoting <u>Schlup</u>, 513 U.S. at 327).

CONCLUSION

The amended petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (01-1703, doc. 96; 02-724, doc. 81) is DENIED and these cases are DISMISSED.

IT IS SO ORDERED.

Dated this _17th_ day of September, 2011.


_____
Ann Aiken
United States District Judge


13 - OPINION AND ORDER